### WILLIAM FOLSOM *versus* THOMAS SKOFIELD.

In assumpsit for balance for wagons alleged to have been sold to the defendant, the plaintiff may testify that he *intended* to give credit to the defendant when he parted with the wagons, although he charged them on his book to the defendant's son.

When the testimony, as reported, does not necessarily establish the position that the jury erred in their verdict, or acted under any undue influence, bias, prejudice or partiality, it will not be set aside as being against evidence.

ON MOTION and EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding.

The facts sufficiently appear in the opinion.

*E. O. Bean*, for the defendant.

*Libbey*, for the plaintiff.

BARROWS, J.—Assumpsit upon an account annexed to recover a balance of $261,70, for wagons alleged to have been sold by plaintiff to defendant. The wagons were charged upon plaintiff's book to Charles E. Skofield, son of the defendant.

Plaintiff's counsel asked the plaintiff the following question which he was allowed to answer subject to the defendant's objection : "At the time you parted with this property to whom did you intend to give credit ?" Plaintiff answered :—" To Thomas Skofield, the defendant."

It was competent for plaintiff to prove that, although the charge upon the book was made to the son, the sale was actually made to the father. *James* v. *Spaulding*, 4 Gray, 452.

The defendant urges that the question should have been, " to whom *did* you give credit," and not " to whom did you *intend* to give credit." But so far as the question was one of pure fact it was one of intention. The *plaintiff's* intention was *one* element in the contract which he sought to prove. To the common apprehension and aside from any

admixture of opinion as to matter of law, *the questions are identical*. The exceptions must be overruled.

But proof of the *plaintiff's* intention and *his* understanding of the contract alone will not suffice. It still remains to be determined, from the whole evidence, whether the defendant's undertaking to pay for the wagons was an original one, or simply collateral, and so within the statute of frauds, which forbids the maintenance of an action to charge one man upon any special promise to answer for the debt, default or misdoings of another, unless the promise is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized.

The jury found, under instructions of which the defendant makes no complaint, that the defendant's contract was an original one, and not simply collateral to his son's promise, and a majority of the Court are of the opinion that the testimony, as reported, does not necessarily establish the position that they erred in so doing, or acted under any undue influence, bias, prejudice, or partiality ; that the case is not one where a verdict either way can properly be set aside as conflicting with the law and the evidence. The entry must therefore be      *Motion and exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON and DANFORTH, JJ., concurred.